**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

NAJEE M. JOHNSON,                                     Case No. 1:16-cv-611
      Plaintiff,


                                      Barrett, J.
    vs.                                           Litkovitz, M.J.


C/O M. ERVIN, et al.,                                 **ORDER AND REPORT**
      Defendants.                                **AND RECOMMENDATION**

      Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF), brings this *pro se* civil rights action under 42 U.S.C. § 1983.  (*See* Doc. 1, Complaint).  By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

      In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).  To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious.  *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).  A complaint may be dismissed as

frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-

2

pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

In the instant prisoner civil rights action, plaintiff has named four defendants: (1) SOCF correctional officer "M. Ervin"; (2) Linnea Mahlman, SOCF's Inspector of Institutional Services; (3) Larry Greene, SOCF's Deputy Warden of Special Services; and (4) SOCF Warden Ron Erdos. (*See* Doc. 1, Complaint, p. 4, at PAGEID#: 10). Plaintiff alleges that on April 10, 2016, he was assaulted with a "chemical agent" by defendant Ervin even though plaintiff posed no threat to himself, Ervin "or the safety of the entire institution." (*Id.*, p. 5, at PAGEID#: 11). Plaintiff further alleges that he appealed the conduct report issued by defendant Ervin and that defendant Greene affirmed the decision of the Rules Infraction Board (RIB) "to deprive [plaintiff] of liberty by placing [him] in a special housing unit without properly investigating the report." (*Id.*). Plaintiff avers that when he also filed a grievance complaining about Ervin's actions, defendant Mahlman ruled that Ervin had not violated any "rule, policy or law" even though "the DVR footage of the incident . . . clearly establishes falsification of the conduct report on C/O M. Ervin's behalf." (*Id.*). Finally, plaintiff claims

3

that in the face of "multiple" complaints by inmates of assaults by correctional staff, SOCF's Warden, defendant Erdos, "has failed at his duty to protect inmates in his custody from cr[ue]l and unusual punishment by failing to ensure his officers are properly trained in areas of use of force." (*Id.*). As relief, plaintiff seeks $100,000 in damages; declaratory relief affirming that "deploying a chemical agent as a reaction is a violation of rule, policy, and law"; and injunctive relief by "removing the plaintiff from the custody of the State of Ohio." (*Id.*, p. 6, at PAGEID#: 12).

Upon review of the complaint, the undersigned concludes that plaintiff's claim for damages against defendant Ervin in his individual capacity based on Ervin's alleged use of excessive force against plaintiff on April 10, 2016 is deserving of further development and may proceed at this early stage in the proceedings.[1] *See* 28 U.S.C. § 1915(e)(2)(B) & 1915A(b). However, all other claims and defendants should be dismissed because plaintiff's allegations fail to state a viable claim under § 1983, which requires a showing of a deprivation by a state actor of "a right secured by the United States Constitution or a federal statute." *See Spadafore v. Gardner*, 330 F.3d 849, 852 (6th Cir. 2003).

First, to the extent plaintiff has suggested in the complaint that defendant Ervin submitted a false conduct report to the RIB in disciplinary proceedings that were held as a result of the use-of-force incident, plaintiff has failed to state a claim upon which relief can be

---

[1] It is noted that plaintiff is barred from bringing a suit for damages against Ervin in his official capacity. *See, e.g., Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63-64, 71 (1989) (citing *Brandon v. Holt*, 469 U.S. 464, 471 (1985); *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Monell v. Dep't of Soc. Services*, 436 U.S. 658, 690 n.55 (1978)) (holding that "neither a State nor its officials acting in their official capacities are 'persons'" who may be held liable for constitutional violations in a § 1983 action); *see also Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir. 1998) (and cases cited therein) ("It is well-established that a plaintiff cannot sue a state agency or any of its employees in their official capacities for monetary damages."). Moreover, to the extent that plaintiff has requested declaratory and injunctive relief, plaintiff has failed to allege any facts that would suggest that the specific relief requested is warranted.

granted by this Court. It is well-settled that "[f]alse accusations of misconduct filed against an inmate do not constitute a deprivation of constitutional rights where the charges are adjudicated in a fair hearing." *See Jackson v. Madery*, 158 F. App'x 656, 662 (6th Cir. 2005) (and Sixth Circuit cases cited therein); *see also Jones v. McKinney*, No. 97-6424, 1998 WL 940242, at *1 (6th Cir. Dec. 23, 1998) (citing *Freeman v. Rideout*, 808 F.2d 949, 951 (2nd Cir. 1986)) (holding that the district court properly dismissed a complaint, which alleged that prison officials "deliberately issued a false disciplinary report" against the plaintiff, as frivolous because "even if the disciplinary report was false, . . . a prisoner has no constitutionally protected immunity from being wrongly accused"); *Lee v. Pauldine*, No. 1:12cv77, 2013 WL 65111, at *8 (S.D. Ohio Jan. 4, 2013) (Litkovitz, M.J.) (Report & Recommendation) (holding that the plaintiff had failed to state a claim for a violation of his due process rights because even "[a]ccepting as true plaintiff's allegation that [the] defendant . . . filed a false conduct report against him," the "act of filing false disciplinary charges does not itself violate a prisoner's constitutional rights") (internal citation and quotation marks omitted), *adopted*, 2013 WL 646775 (S.D. Ohio Feb. 21, 2013) (Weber, J.).

Second, plaintiff has not stated a cognizable claim under § 1983 against defendant Greene. To the extent that plaintiff seeks to hold Greene liable for affirming the RIB decision to place plaintiff in a "special housing unit without properly investigating the [conduct] report," plaintiff has failed to state a claim of federal constitutional dimension. The claim does not trigger concerns of a violation of the Eighth Amendment's Cruel and Unusual Punishment Clause. *See, e.g., Harden-Bey v. Rutter,* 524 F.3d 789, 795 (6th Cir. 2008) (quoting *Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003)) ("Because placement in segregation is a

5

routine discomfort that is part of the penalty that criminal offenders pay for the offenses against society, it is insufficient to support an Eighth Amendment Claim.").

Furthermore, to the extent that plaintiff suggests his right to due process was violated, he fails to state a claim for relief under the Fourteenth Amendment because he has alleged no facts even remotely suggesting that the challenged disciplinary action deprived him of a constitutionally protected liberty interest. In *Sandin v. Conner*, 515 U.S. 472 (1995), the Supreme Court held that the Fourteenth Amendment confers on prisoners only a "limited" liberty interest "to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," or which "will inevitably affect the duration of his sentence." *Sandin*, 515 U.S. at 484, 487; *see also Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998); *Williams v. Wilkinson,* 51 F. App'x 553, 556 (6th Cir. 2002). The Sixth Circuit has held that confinement in segregation or some other restrictive housing unit generally does not rise to the level of an "atypical and significant" hardship implicating a liberty interest except in "extreme circumstances, such as when the prisoner's complaint alleged that he is subject to an *indefinite* administrative segregation" or that such confinement was excessively long in duration. *Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010) (citing *Harden-Bey*, 524 F.3d at 795) (emphasis in original); *see also Harris v. Caruso,* 465 F. App'x 481, 484 (6th Cir. 2012) (holding that the prisoner's 8-year confinement in segregation was of "atypical duration" and thus "created a liberty interest that triggered his right to due process"). *Cf. Wilkinson v. Austin*, 545 U.S. 209, 223-24 (2005) (ruling that an inmate's transfer to Ohio's "supermax" prison "imposes an atypical and significant hardship" given the combination of extreme isolation of inmates, prohibition of almost all human contact, indefinite duration of

6

assignment, and disqualification for parole consideration of otherwise eligible inmates).

Here, plaintiff has not alleged that the challenged disciplinary sanction resulted in the lengthening of his prison sentence, the withdrawal of good-time credits, or the deprivation of any necessities of life. He also has not alleged any facts to support the inference that the sanction was so lengthy in duration as to rise to the level of an atypical and significant hardship. *Cf. Jones*, 155 F.3d at 812 (holding that an inmate's administrative segregation for two and a half years while his participation in a prison riot was being investigated did not amount to an atypical and significant hardship); *Mackey v. Dyke*, 111 F.3d 460, 461, 463 (6th Cir. 1997) (117-day delay in releasing the plaintiff from administrative segregation to the general prison population did not impose an atypical or significant hardship on the plaintiff and thus did not trigger due process concerns); *Bradley v. Evans*, No. 98-5861, 2000 WL 1277229, at *7 (6th Cir. Aug. 23, 2000) (and numerous cases cited therein in support of holding that placement for 14 months in administrative segregation did not impose an atypical or significant hardship on the prisoner); *Collmar v. Wilkinson*, No. 97-4374, 1999 WL 623708, at *3 (6th Cir. Aug. 11, 1999) (30 days in Security Control, 14 days in Disciplinary Control and six to eight months in Administrative Control did not constitute an "atypical hardship" under *Sandin*). Accordingly, because plaintiff does not have a protected liberty interest under the circumstances alleged herein, his complaint against Greene does not state a claim under the Fourteenth Amendment's Due Process Clause.

Third, plaintiff has not stated a claim against defendant Mahlman either in her supervisory capacity or as the institutional inspector who reviewed plaintiff's grievance stemming from the April 10, 2016 incident at SOCF. Prison officials whose only roles "involve their denial of administrative grievances and their failure to remedy the alleged [unconstitutional]

behavior'" cannot be liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

It is well-settled that the doctrine of *respondeat superior* does not apply in § 1983 lawsuits to

impute liability onto supervisory personnel. *See, e.g., Wingo v. Tennessee Dep't of Corr.,* 499 F.

App'x 453, 455 (6th Cir. 2012) (per curiam) (citing *Polk Cnty. v. Dodson,* 454 U.S. 312, 325

(1981)). "In order to find supervisory personnel liable, a plaintiff must allege that the

supervisors were somehow personally involved in the unconstitutional activity of a subordinate,

... or at least acquiesced in the alleged unconstitutional activity of a subordinate." *Id.* (citing

*Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982); *Bellamy v. Bradley,* 729 F.2d 416, 421

(6th Cir. 1984)); *see also Colvin v. Caruso,* 605 F.3d 282, 292 (6th Cir. 2010) (quoting *Cardinal*

*v. Metrish*, 564 F.3d 794, 803 (6th Cir. 2009)) (to succeed on claim against supervisory state

prison officials, the plaintiff must show the officials "at least implicitly authorized, approved or

knowingly acquiesced in the unconstitutional conduct of the offending officers"). Therefore, in

the absence of any allegations that Mahlman actually participated in the use-of-force incident on

April 10, 2016, any claim against her in her supervisory capacity as institutional inspector is

simply insufficient to give rise to an actionable § 1983 claim. *Cf. Chappell v. Morgan,* No.

2:15cv1110, 2016 WL 738098, at *4-5 (S.D. Ohio Feb. 25, 2016) (Report & Recommendation)

(citing *Shehee*, 199 F.3d at 300; *Stewart v. Taft*, 235 F. Supp.2d 763, 767 (N.D. Ohio 2002))

(holding that in the absence of any allegation that supervisory prison officials were involved in

or encouraged an alleged assault by a correctional employee, the case could not proceed against

them based on the theory that they failed to take corrective action after they were notified of the

assault), *adopted*, 2016 WL 1109093 (S.D. Ohio Mar. 21, 2016), *appeal filed*, No. 16-3307 (6th

Cir. Mar. 31, 2016).

8

In addition, plaintiff has not stated a viable § 1983 claim against Mahlman to the extent he seeks to challenge her handling of his grievance. Plaintiff's allegations do not give rise to a plausible claim of federal constitutional dimension because he has no right under the Constitution to an effective prison grievance procedure. *See, e.g., Hill v. Warden, Southern Ohio Corr. Facility,* No. 1:12cv63, 2012 WL 1639991, at *2 (S.D. Ohio Mar. 13, 2012) (Litkovitz, M.J.) (Report & Recommendation) (recommending dismissal of portion of complaint complaining about "the failure of prison staff to provide [plaintiff] with inmate grievance forms and other deficiencies in the inmate grievance procedure" because "plaintiff has no federal constitutional right to an effective prison grievance procedure"), *adopted,* 2012 WL 1623565 (S.D. Ohio May 9, 2012) (Weber, J.); *Dearing v. Mahalma,* No. 1:11cv204, 2011 WL 3739029, at *7 (S.D. Ohio Aug. 24, 2011) (Barrett, J.) (holding that the plaintiff's allegations referring to "his dissatisfaction with the . . . investigation of [an] allegedly mishandled letter" through the prison grievance process did not state an actionable claim under 42 U.S.C. § 1983); *Williams v. Harris,* No. 1:11cv362, 2011 WL 3667438, at *3 (S.D. Ohio June 15, 2011) (Litkovitz, M.J.) (Report & Recommendation) (recommending dismissal of complaint against prison official responsible for responding to institutional grievances because the plaintiff had "no constitutional right to an effective grievance procedure"), *adopted,* 2011 WL 3667389 (S.D. Ohio Aug. 22, 2011) (Dlott, J.); *see also Walker v. Michigan Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005) (per curiam) (and cases cited therein); *Argue v. Hofmeyer,* 80 F. App'x 427, 430 (6th Cir. 2003) (and cases cited therein); *Overholt v. Unibase Data Entry, Inc.*, No. 98-3302, 2000 WL 799760, at *3 (6th Cir. June 14, 2000).

Finally, plaintiff has not stated an actionable § 1983 claim against SOCF's Warden.

Plaintiff generally alleges that in light of "multiple" inmate complaints about assaults by SOCF staff, defendant Erdos should be held liable for failing to ensure that SOCF employees are properly trained with respect to the use of force. However, as discussed above in addressing the complaint's allegations against Mahlman, "§ 1983 liability must be based on more than respondeat superior, or the right to control employees." *See Shehee*, 199 F.3d at 300 (citing *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869, 874 (6th Cir. 1982)). "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers.'" *Id.* (quoting *Hays*, 668 F.2d at 874). Supervisory liability under § 1983 cannot be based on mere awareness of misconduct or a "failure to act," but must be based on "active unconstitutional behavior." *Combs v. Wilkinson*, 315 F.3d 548, 558 (6th Cir. 2002); *see also Shehee,* 199 F.3d at 300. Therefore, in cases involving a claim against a supervisory official for failure to train, the official "may be held liable only where there is essentially a complete failure to train . . ., or training that is so reckless or grossly negligent that future . . . misconduct is almost inevitable . . ., or would be properly characterized as substantially certain to result." *Hays*, 668 F.2d at 874.

Here, plaintiff has not alleged any facts to support the inference that there has been a complete failure to train or training that is so reckless or grossly negligent that misconduct by SOCF correctional staff in the use of force is "almost inevitable" or "substantially certain to result." Furthermore, plaintiff has not alleged any facts showing a "causal relationship" between

a failure to train and the conduct of the correctional officer who purportedly used excessive force against plaintiff on April 10, 2016. *See Danese v. Asman,* 875 F.2d 1239, 1244 (6th Cir. 1989) (citing *Hays,* 668 F.2d at 874). Plaintiff's conclusory assertion about "multiple" inmate complaints of assaults by correctional staff at SOCF is simply insufficient to give rise to a viable failure-to-train claim against SOCF's Warden. *Cf. Hays,* 668 F.2d at 873-74 (pointing out that "[t]he mere 'failure to act (even) in the face of a statistical pattern' of incidents was held [by the Supreme Court in *Rizzo v. Goode,* 423 U.S. 362, 376 (1976),] to be insufficient to base liability on").

Accordingly, in sum, plaintiff may proceed with his claim for damages against defendant "M. Ervin" in his individual capacity based on Ervin's alleged use of excessive force against plaintiff in an incident that purportedly occurred on April 10, 2016 at SOCF. However, it is **RECOMMENDED** that all other claims be dismissed because plaintiff's allegations fail to state a claim upon which relief may be granted by this Court.

## IT IS THEREFORE RECOMMENDED THAT:

Except for plaintiff's claim under 42 U.S.C. § 1983 for damages against defendant "M. Ervin" in his individual capacity based on his alleged use of excessive force against plaintiff in an incident that occurred on April 10, 2016 at SOCF, the complaint should be dismissed for failure to state a claim upon which relief may be granted by this Court. In addition, defendants Greene, Mahlman and Erdos should be dismissed as parties to this action.

## IT IS THEREFORE ORDERED THAT:

1. Plaintiff may proceed with his cause of action under 42 U.S.C. § 1983 for damages against defendant "M. Ervin" in his individual capacity based on Ervin's alleged use of excessive

force against plaintiff in an incident that purportedly occurred on April 10, 2016 at SOCF. The United States Marshal shall serve a copy of the complaint, summons, the separate Order issued this date granting the plaintiff *in forma pauperis* status, and this Order and Report and Recommendation upon defendant Ervin as directed by plaintiff, with costs of service to be advanced by the United States.

2. Plaintiff shall serve upon the defendant or, if appearance has been entered by counsel, upon defendant's attorney, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendant or defendant's counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

3. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

Date: 6/16/16

Karen L. Litkovitz
United States Magistrate Judge

12

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

NAJEE M. JOHNSON,               Case No. 1:16-cv-611
     Plaintiff,

                               Barrett, J.
     vs.                        Litkovitz, M.J.

C/O M. ERVIN, et al.,
     Defendants.


### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc

13